**GERAGOS & GERAGOS**
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
GERAGOS@GERAGOS.COM

MARK J. GERAGOS         SBN 108325
BEN J. MEISELAS         SBN 277412
ALEXANDRA KAZARIAN      SBN 244494

Attorneys for Plaintiff PARAMOUNT RECOVERY SERVICE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PARAMOUNT RECOVERY SERVICE,<br><br>Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br>SAN BERNARDINO COUNTY,<br>RODNEY TAMPARONG,<br>DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1) **VIOLATION OF CIVIL RIGHTS FOR UNLAWFUL SEARCH AND SEIZURE**<br>2) **VIOLATION OF CIVIL RIGHTS FOR *MONELL* CLAIM**<br>3) **VIOLATION OF CA CIV. CODE § 46 DEFAMATION**<br>4) **NEGLIGENCE**<br>5) **DECLARATORY AND INJUNCTIVE RELIEF** |

COMES NOW Plaintiff PARAMOUNT RECOVERY SERVICE, by and through its counsel of record, alleging the following causes of action against defendants and averring the following facts in support thereof:

## I. JURISDICTION AND VENUE

1. This is an action for damages and declaratory relief pursuant to 42 U.S.C. § 1983 based on the violations of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42

U.S.C. § 1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

2. Supplemental jurisdiction over Plaintiff's state law claims exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Central District in that the events and conduct complained of herein all occurred in the Central District.

## II. PARTIES

4. Plaintiff PARAMOUNT RECOVERY SERVICE ("PARAMOUNT") is, and at all relevant times was, a corporation registered to do business in California since September 21, 2016. At all times relevant to this complaint, PARAMOUNT operated an automotive repossession company from various locations in the County of Los Angeles, including from real property commonly described as 7702 Maie Avenue #B, Los Angeles, CA 90001. PARAMOUNT is and all times relevant hereto was a corporation in good and active standing with the California Secretary of State.

5. Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT is, and at all relevant times was, a law enforcement agency in San Bernardino County, organized and existing under the laws of the State of California, including California Government Code § 26600 *et seq.* The headquarters for the SAN BERNARDINO COUNTY SHERIFF'S DEPARMENT (hereinafter "SBCSD") is located at 655 East Third Street, in San Bernardino, California, 92415-0061.

6. Defendant SAN BERNARDINO COUNTY is, and at all relevant times was, a government entity organized and existing under the laws of the State of California. At all relevant times, the SBCSD was a law enforcement agency operating under the authority of SAN BERARDINO COUNTY. SAN BERNARDINO COUNTY maintains their central administrative offices at 385 North Arrowhead Avenue, San Bernardino, California, 92415.

7. Defendant RODNEY TAMPARONG ("TAMPARONG") is, and at all relevant times was, an individual employed as an investigator with the SBCSD, working in San Bernardino and

-2-
COMPLAINT FOR DAMAGES

Los Angeles counties. At all relevant times, investigator TAMPARONG was acting in his capacity as a law enforcement investigator employed by SBCSD. At all relevant times, investigator TAMPARONG was acting in the course and scope of his employment and under the color of law.

8. Plaintiff alleges that DOES 1 to 10, inclusive, were law enforcement officers and/or agencies acting under the color of state law. It is further alleged that DOES 1 to 10 were acting in the course and scope of their employment at all relevant times.

9. The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 to 10 are unknown to Plaintiff at this time and therefore Plaintiff files this Civil Rights Complaint against said DOE Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOES is in some manner responsible for the damages and injuries alleged in this complaint. Plaintiff will seek leave of Court to amend this complaint when the true names and capacities of said DOE defendants are ascertained.

10. Plaintiff is informed and believes, and based thereon alleges, that each Defendant and Defendants sued herein as DOES 1 to 10 are contractually, strictly, vicariously and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint.

11. Plaintiff is informed and believes and thereon alleges at all material times herein the Defendants, and each of them, were the agents, servants, and employees of the other defendants, and each of them.

12. Plaintiff alleges that the acts of each of the Defendants were fully ratified by each and all of the other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

### III. FACTUAL ALLEGATIONS

13. On November 4, 2019, in violation of State and Federal law, the SBCSD,

TAMPARONG and other officers and agents named herein as DOES 1 to 10 improperly executed a deficient search warrant at a business location belonging to PARAMOUNT commonly described as 7701 Maie Avenue "B", Los Angeles, California, 90001, which has been adjudicated by the Court to be quashed ("subject incident"). A copy of the Court Order quashing the improper search and directing the return of unlawfully taken property owned by PARAMOUNT is attached to this complaint as Exhibit "A."

14. PARAMOUNT is an automobile repossession company that utilizes state-of-the-art technology with staff working twenty-four hours a day, seven days a week, to identify and lawfully repossess automobiles. The company makes use of a sophisticated camera system, massive network of computer servers, and substantial fleet of vehicles to accomplish their business. PARAMOUNT can scan fifteen (15) million license plates per month and upload the plates to a database which makes their service invaluable to law enforcement agencies. Prior to the subject incident, PARAMOUNT had an impeccable reputation in the automobile repossession industry and in fact were important partners of various law enforcement efforts to identify stolen vehicles.

15. On November 4, 2019, PARAMOUNT received a call from SBCSD requesting the location of a 2016 Cadillac Escalade SUV which PARAMOUNT had repossessed. The officer who called was Senior Investigator TAMPARONG. TAMPARONG knew to call PARAMOUNT because of the information PARAMOUNT had uploaded to the database. PARAMOUNT called in the repossession and reported it to the governing police in compliance with the California Collateral Recovery Act which enters the repossession into the NCIC and other government databases. TAMPARONG advised PARAMOUNT that the car was a target of a task force investigation and had been fitted with a tracking device which the officer needed to remove. A PARAMOUNT employee directed the officer to the location of the vehicle and invited him to retrieve the property. Once TAMPARONG arrived, he not only removed the tracking device, but began removing items from the interior of the vehicle as well. The PARAMOUNT employee advised TAMPARONG that he was not authorized to allow removal of any items inside the car

itself and that he would provide the officer with access if he was in possession of a warrant permitting him to remove items, thereby absolving PARAMOUNT of any liability of the taken items, which they are charged with itemizing and securing under California law once the vehicle is repossessed.

16. TAMPARONG and other members of the SBCSD then restricted access to the secure warehouse and tow yard to Paramount employees and customers. Hours later, a warrant was produced, devoid of any probable cause declaration, leading to an unlawful search and seizure of the premises. The subject warrant only authorized the seizure of the 2016 Cadillac Escalade. However the officers, including TAMPARONG, illegally seized items from the premises that they were not authorized by the warrant to seize and searched a location that was not described in the search warrant. These illegal actions by SBCSD led to the Superior Court to order PARAMOUNT'S seized property returned after many months. The items that were improperly seized by the SBCSD included a Microsoft laptop and charger, two computer towers, and a Prime DVR. These items were essential and vital to PARAMOUNT to conduct its business operations and the illegal seizure of these items from the premises by defendants caused substantial business interruption and damages to PARAMOUNT. Further, during execution of the illegal search warrant, SBCSD entered through an adjacent property to gain access to the vehicle and damaged significant amounts of property including vehicles, forklifts, gates, camera systems, and computers.

17. Following the incident, PARAMOUNT personnel learned that TAMPARONG was disparaging and defaming plaintiff to CarMax, a used car dealership and nationwide auto finance lender. TAMPARONG told contractors who PARAMOUNT relies on for business that PARAMOUNT was an disreputable company and that CarMax should not conduct any business with them. TAMPARONG falsely claimed that PARAMOUNT engaged in unlawful conduct. As a result, PARAMOUNT was "blacklisted" from all future business transactions with CarMax.

18. Upon learning of the false and defamatory information provided by TAMPARONG, CarMax communicated the information to MVTrac, a third party that brokers for them and uses

PARAMOUNT as their preferred vendor for repossessing vehicles, which resulted in MVTrac blacklisting PARAMOUNT as well. PARAMOUNT lost a significant amount of business due to the intentional interference by TAMPARONG out of his attempt to coverup the fact that he engaged in an unlawful search and seizure from the PARAMOUNT premises. The financial damages to PARAMOUNT'S business interests as a result of the unlawful search and seizure, disparagement and defamation of its business, and tortious interference with its business relationship with CarMax, MVTrac, and other contractors, are in excess of one million dollars in addition to the substantial attorneys' fees Paramount has incurred.

19. SBCSD's failure to properly train and supervise its investigators and officers, including TAMPARONG amounts to deliberate indifference to the rights of PARAMOUNT.

## IV. FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) – UNLAWFUL SEARCH AND SEIZURE, BY PLAINTIFF AGAINST ALL DEFENDANTS

20. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 19, inclusive of this complaint.

21. At all times material to this Complaint, Defendants SBCSD, TAMPARONG and DOES 1 to 10 were law enforcement officers acting under color of law and authority in violating Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. The Fourth and Fourteenth Amendments are made applicable to the State pursuant to 42 U.S.C. § 1983.

22. Defendants SBCSD, TAMPARONG and DOES 1 through 10 violated and deprived Plaintiff of its rights, privileges and immunities secured to it by the Fourth and Fourteenth Amendments to the United States Constitution by, *inter alia,* subjecting Plaintiff to an unlawful search and seizure, causing PARAMOUNT'S personnel to be detained without probable cause, conspiring to deprive Plaintiff of its constitutionally protected rights, subjecting Plaintiff to excessive, unreasonable, and unnecessary investigation, submitting reports with material omissions, and providing falsehoods to the Court to secure the unlawful search and seizure

-6-
COMPLAINT FOR DAMAGES

afflicted against Plaintiff.

23. At all relevant times, no reasonable suspicion or probable cause existed to conduct a search and seizure of Plaintiff's property. At all relevant times, including during the unlawful search and destruction of Plaintiff's property, investigator TAMPARONG knew that Plaintiff had not committed a crime. At all relevant times including during the unlawful search and seizure of Plaintiff's property, TAMPARONG had no reason to believe that any crime, in any way, had been committed by Plaintiff.

24. Based on the facts readily available and known to investigator TAMPARONG, no reasonable conclusion could be drawn that probable cause existed to conduct a search and seizure of Plaintiff's business property. All objective facts readily available and known to TAMPARONG and DOES 1 to 10 could only be reasonably construed to the conclusion that Plaintiff had committed no crime.

25. In light of the foregoing facts, knowledge, and circumstance, no reasonable person or reasonable officer could have believed that probable cause existed to conduct a search and seizure of Plaintiff's property, as the subject warrant only authorized them to seize a 2016 Cadillac Escalade vehicle that they already had located. Moreover, in light of the foregoing, no material ambiguities existed to cause investigator TAMPARONG to believe that Plaintiff had committed any crime. As such, no reasonable person or reasonable officer, acting on said facts, could sensibly or reasonably conclude that probable cause existed to cause a search and seizure to be conducted of Plaintiff's property, or to detain Plaintiff's personnel.

26. After confirming through their search of Plaintiff's property that Plaintiff had committed no crime, SBCSD and TAMPARONG were required to immediately release to Plaintiff all property they had seized, and any and all personnel they had detained. Instead, TAMPARONG, SBCSD and DOES 1 to 10 retained important pieces of property, such as computers and DVR recorders that were critical instruments in the operation of Plaintiff's business. Said conduct was in direct violation of Plaintiff's constitutional rights, and Plaintiff was obliged and left with no option but to file a civil action to obtain the return of their rightful

property unlawfully seized by Defendants, and each of them.

27. Investigator TAMPARAONG, under color of law, intentionally, recklessly, negligently, unlawfully, with malice, fraud, and oppression violated Plaintiff's civil rights to be free from unreasonable search and seizure without due process in violation of 42 U.S.C. § 1983 and the fourth and fourteenth amendments of the U.S. Constitution.

28. Plaintiff further alleges that Defendants, with deliberate indifference to an reckless disregard for the safety and property rights of Plaintiff, and in violation of the fourth and fourteenth amendments to the Constitution, did on November 4, 2019, commit or allow to be committed, acts which deprived Plaintiff of its Constitutional rights without affording it due process of law.

29. Investigator TAMPARONG directly participated and/or aided and abetted in the wrongful search and seizure of Plaintiff's property, and on information and belief, engaged in efforts to cover up said conduct by preparing or authorizing or approving false warrant applications and police reports, and/or aiding and abetting the preparation, authorization or approval of false warrant applications and police reports to cover up said wrongful search and seizure and violation of Plaintiff's rights.

30. Due to the conduct of Defendants, and each of them, Plaintiff has suffered general and special damages, all in a sum to be proved at trial. Due to the conduct of Defendants, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. § 1988.

31. Investigator TAMPARONG, the SBCSD, and DOES 1 to 10 acted with a conscious disregard for Plaintiff's rights conferred by Section 1983, Title 42 of the United States Code, the fourth amendment to the U.S. Constitution and California Civil Code section 3333, by intentionally causing Plaintiff injury by searching and seizing its property without probably cause and refusing to release such property back to Plaintiff despite having knowledge that Plaintiff had committed no wrongdoing.

32. Said conduct of Defendants TAMPARONG, SBCSD, and DOES 1 to 10 constitutes

malice, oppression, and/or fraud under California Civil Code section 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said Defendants, and deter such future wrongful conduct.

## V. SECOND CAUSE OF ACTION

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) – *MONELL* CLAIM, BY PLAINTIFF AGAINST ALL DEFENDANTS

33. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 32, inclusive of this complaint.

34. Defendants SBCSD, SAN BERNARDINO COUNTY and DOES 1 to 10 knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.

35. Plaintiff has a constitutional interest, pursuant to the first, fourth and fourteenth amendments of the U.S. Constitution, to be free from detention, search and seizure without probable cause and defamation based upon Defendants' policies of allowing its officers, deputies and investigators to make unlawful searches and seizures without probable cause, and defaming victims of such practices in an effort to cover them up.

36. These policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement officers and investigators in the execution of search warrants and seizure of property. The policies and customs also include the express and/or tacit encouragement of the application and execution of search warrants without probable cause, the use of "boilerplate" language in applications for search warrants, the ratification of Sheriff misconduct, and the failure to conduct adequate investigations of Sheriff misconduct to deter instances of future violations. These policies and customs also include the express and/or tacit encouragement of the detention and search, without probable cause, of individuals or businesses considered "non-cooperative" with a Sheriff investigation, and not for any lawful purpose.

///

COMPLAINT FOR DAMAGES

37. Upon information and belief, Defendant TAMPARONG had been involved in previous acts of misconduct, false arrest, and improper search and seizure. Plaintiff is informed and believes that the SBCSD and SAN BERNARDINO COUNTY were aware of a history of misconduct by TAMPARONG.

38. Upon information and belief, the custom and practice of permitting and tolerating unlawful searches and seizures, and the making of material omissions and falsehoods in the investigation of vehicle thefts – as in the case of Plaintiff's treatment as alleged herein – is rampant within SAN BERNARDINO COUNTY and the SBCSD. It is learned and taught in Sheriff training programs, and the conduct is covered up systematically at the highest level by instructing sheriffs and sheriff investigators to prepare false search warrant applications that lead to the unlawful search and seizure of property against innocent victims such as Plaintiff.

39. Acting under color of law and pursuant to official policy or custom, SAN BERNARDINO COUNTY, the SBCSD and DOES 1 to 10 knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis investigator TAMPARAONG in his duties to refrain from:

   a. Unlawfully and maliciously harassing a business and its employees who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

   b. Unlawfully and maliciously causing the search and seizure of property owned by a business that was acting in accordance with its constitutional and statutory rights, privileges and immunities;

   c. Otherwise depriving Plaintiff and Plaintiff's personnel of their constitutional and statutory rights, privileges, and immunities.

40. Defendants had knowledge, or had they diligently exercised the duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs done as alleged herein, were about to be committed.

///

41. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and yet knowingly, recklessly or with gross negligence failed or refused to do so.

42. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of investigator TAMPARONG and other wrongful law enforcement actors heretofore described.

43. As a direct and proximate cause of the negligent and intentional acts of Defendants, as set forth in the preceding paragraphs above, Plaintiff's personnel suffered extreme embarrassment, humiliation, anxiety, ridicule, shame, nervousness, and physical upset, and severe mental anguish in connection with the deprivation of their constitutional and statutory rights guaranteed by the fourth and fourteenth Amendments to the US Constitution and protected by 42 U.S.C. § 1983. Plaintiff directly suffered significant financial losses as a result of the unlawful search and seizure of its property, and the harm inflicted upon its personnel.

43. Plaintiff is informed and believes, and thereon alleges, that the customs and policies were the moving force behind the violations of Plaintiff's rights. Based upon the principles set forth in *Monell v. New York County Dept. of Social Services*, the Defendants are liable for all of the injuries sustained by Plaintiff as set forth above.

44. In acting as alleged herein, Defendants caused Plaintiff general and special damages, in an amount to be determined at the time of trial.

45. Due to the conduct of Defendants, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs damage in a sum to be proved at trial and recoverable pursuant to Title42, Section 1988(b) of the United States Code.

## VI. THIRD CAUSE OF ACTION

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) – DEFAMATION CA CIV. CODE §§ 44, 45, 46, BY PLAINTIFF AGAINST DEFENDANT TAMPARONG

46. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 45, inclusive of this complaint.

47. Defamation is effected by either libel or slander in California. (CA Civ. Cod. § 44.) Slander is a false and unprivileged publication or oral statement which charges any person with a crime or with having been indicted or punished for a crime, or tends to injure him in respect to his office, profession, trade or business, which by natural consequence causes actual damage. (CA Civ. Cod. § 46.) Where slanderous statements injure one with respect to his office, profession, trade or business, they are deemed slander *per se*. (*Hanley v. Lund* (App. 2 Dist. 1963) 218 Cal.App.2d 633.)

48. As set forth herein, Defendant TAMPARONG made false statements to Plaintiff's vendors and customers, including CarMax, accusing Plaintiff of engaging in illegal and unethical conduct as it pertains to the conduct of Plaintiff's business.

49. Defendant TAMPARONG knew or should have known that the defamatory statements he made about Plaintiff were false. On information and belief, TAMPARONG made these statements for the improper purpose of attempting to injure Plaintiff in the performance and success of their business, and to cover up the unlawful conduct he had initiated at Plaintiff's property.

50. As a result of the false and defamatory statements made by TAMPARONG, Plaintiff was injured through the loss of business accounts with CarMax and MVTrac. Plaintiff has suffered special damages in an amount to be proven at trial.

## VII. FOURTH CAUSE OF ACTION

NEGLIGENCE, BY PLAINTIFF AGAINST ALL DEFENDANTS

51. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 50, inclusive of this complaint.

52. Defendant TAMPARONG, SBCSD and DOES 1 to 10 had a duty to use reasonable care in their interactions with the public and to ensure that individuals are free from foreseeable risks of harm from Defendants conduct and not to expose such persons to reasonably foreseeable risks of injury, including, but not limited to causing property damage during the course of searches and seizures.

53. Defendants breached the duty of care owed to the public and to Plaintiff by failing to act with the requisite care required during their November 4, 2019 search of Plaintiff's premises causing Plaintiff to suffer injuries and damages. Defendants had a duty of care not to carelessly damage the valuable and important personal property of Plaintiff, including critical computer systems. Defendants, including investigator TAMPARONG, breached these duties by carelessly and recklessly directing the search and seizure of property from Plaintiff that they had no right to seize, damaging such property and depriving Plaintiff of its use.

54. Defendants knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff, as it did when Defendants illegally and improperly searched and seized Plaintiff's property and caused Plaintiff to suffer injuries and damages that would not have otherwise occurred but for the unreasonable conduct of the Defendants. Defendants breached the duty of care owed to the public and to Plaintiff by failing to act with the requisite care required and causing Plaintiff to suffer damages.

55. Plaintiff is informed and believes that the conduct of Defendant and Plaintiff's injuries resulted from and arose directly out of Defendants' employment with SAN BERNARDINO COUNTY and the SBCSD. Defendants' conduct was motivated, in whole or in part, by a desire to serve the SBCSD. The County is liable for the acts, omissions and conduct of its employees pursuant to California Government Code section 815.2.

56. As a direct and proximate result of Defendants' conduct, Plaintiff actually suffered past and future damages in an amount according to proof at trial.

## VIII. FIFTH CAUSE OF ACTION

DECLARATORY AND INJUNCTIVE RELIEF, BY PLAINTIFF AGAINST ALL DEFENDANTS

57. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 56, inclusive of this complaint.

58. A real and immediate difference exists between Plaintiff and Defendants regarding Plaintiff's rights and Defendants' duties owed to Plaintiff to protect Plaintiff's property rights and

business reputation. There is no plain, adequate or complete remedy at law to address the wrongs described herein. Defendants have made clear by their repeated actions that they intend to continue to defame and injure Plaintiff. Unless restrained by this Court, Defendants will continue to engage in this unlawful course of conduct.

59. Defendants' acts alleged herein violate established constitutional rights of Plaintiff and Defendants could not reasonably have thought that the conduct of their agents and employees in seizing Plaintiff's property and defaming them was lawful.

60. An actual controversy exists between Plaintiff and Defendants in that Defendants, their agents and employees, have engaged in the unlawful and unconstitutional acts alleged herein and intends to continue to do so. Plaintiff claims that these acts are contrary to law and seek a declaration of their rights with regard to this controversy.

61. As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and will continue to suffer damages through injury to its business reputation. Plaintiff requests the Defendants be enjoined and restrained from causing further damage to its reputation through defamatory statements.

## IX. PRAYER FOR RELIEF ON ALL CAUSES OF ACTION

WHEREFORE, Plaintiff requests the following remedies and awards:

1. For a preliminary and permanent injunction, enjoying and restraining Defendants from engaging in the policies, practices and conduct complained of herein;

2. For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Plaintiff's rights under the United States and California constitutions and the laws of California;

3. For damages in an amount to be determined according to proof;

4. For punitive damages in an amount sufficient to deter and make an example of Defendants;

5. For costs of suit and attorney fees as provided by law;
6. For such other and further relief as the court may deem just and proper.

-14-
COMPLAINT FOR DAMAGES

Dated: November 2, 2020

By: MARK J. GERAGOS
BEN J. MEISELAS
Attorneys for Plaintiff

**GERAGOS & GERAGOS**
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
GERAGOS@GERAGOS.COM

MARK J. GERAGOS       SBN 108325
BEN J. MEISELAS       SBN 277412
ALEXANDRA KAZARIAN    SBN 244494

Attorneys for Plaintiff PARAMOUNT RECOVERY SERVICE

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PARAMOUNT RECOVERY SERVICE,<br><br>Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, SAN BERNARDINO COUNTY, RODNEY TAMPARONG, DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF PARAMOUNT RECOVERY SERVICE hereby demands a trial by jury on all jury-triable issues in the above-entitled action.

DATED: November 2, 2020         GERGAGOS & GERAGOS

                                By: _____
                                    MARK J. GERAGOS
                                    BEN J. MEISELAS
                                    Attorneys for Plaintiff